GUILLERMO E. GONZÁLEZ, Appellant, v. COURT OF TAX APPEALS OF PUERTO RICO, Respondent. SAME v. SAME. SAME v. SAME.

Nos. 1296, 1297, and 1298. Argued July 6, 1942.—Decided July 31, 1942.

*Brown, González & Newsom* and *E. Córdova Díaz* for appellant.
*George A. Malcolm, Attorney General, M. Rodríguez Ramos, Assistant Attorney General,* and *Eulogio Riera, Deputy Attorney General,* for the Treasurer, intervener.

Mr. Justice Todd, Jr., delivered the opinion of the court.

In the cases at bar the Court of Tax Appeals of Puerto Rico rendered judgment on April 30, 1942, declaring itself to be without jurisdiction and therefore "affirming the deficiencies notified by the Treasurer of Puerto Rico," and issued an order on May 1, 1942, addressed to the Treasurer of Puerto Rico ordering him "to levy the tax in accordance with the pronouncements of said judgment."

On May 29, 1942, Guillermo E. González filed in this Supreme Court three notices of appeal from the judgment ren-

dered by the Court of Tax Appeals in each case, and we granted the writs of certiorari prayed for. The Treasurer of Puerto Rico filed motions praying for the dismissal of these writs alleging that this court is without jurisdiction (1) because the appeal by way of certiorari is not the proper remedy and (2) because the appellant has not paid the tax as required by §76 (a) of the Income Tax Act (No. 74 of 1925, p. 400) as amended by Act No. 23 of November 21, 1941 (Spec. Sess. Laws, p. 72). After hearing the parties the cases were submitted for decision.

 The first jurisdictional issue raised by the Treasurer has already been decided by this court against him in the case of *Mayagüez Sugar Co., Inc.* v. *Court of Tax Appeals, ante,* p. 737.

Let us proceed to examine the second question.

 Section 5 of the Act which creates the Court of Tax Appeals (Act No. 172, approved May 13, 1941, p. 1038) provides that the decisions of said court will be final but "the aggrieved party may, within thirty (30) days after the decision has been rendered, appeal therefrom to the Supreme Court of Puerto Rico, through a writ of certiorari for a revision of the proceedings."

Section 57 (b) of the Income Tax Act, as amended by Act No. 23, approved November 21, 1941, provides, in part, as follows:

". . . If an appeal is taken to the Court of Tax Appeals of Puerto Rico in the manner provided by this Act, and said court determines that there is a deficiency, *the amount determined* by the court *shall be levied by the Treasurer* with interest at the rate of six (6) per cent per annum from the date prescribed for the payment of the first instalment of the tax, and shall be fully paid by the taxpayer upon order of the Treasurer." (Italics ours.)

And §76 (a) in its pertinent part reads thus:

"Section 76.—(a) Whenever a taxpayer should not agree *with a deficiency or part of a deficiency determined by the Court of Tax Appeals of Puerto Rico under Section 57 (b) of this Act,* he shall

be obliged, nevertheless, to pay it in full, and if he should desire to appeal to the Supreme Court of Puerto Rico in the manner provided by law, in making the payment he shall protest of the part of the deficiency with which he does not agree and he shall request the collector or official making the collection to endorse his protest on his receipt, specifically setting forth the part of the tax which is paid under protest, and said receipt, or a certified (copy) thereof, *shall form part of his appeal to the Supreme Court, without which requirement the said court shall not have jurisdiction.* . . ." (Italics ours.)

The appellant in these cases alleges in his petitions that "until now the Treasurer has not levied any tax whatsoever nor has he complied with the provisions of the Rules of the Court of Tax Appeals in regard to the manner of levying said tax for which reasons the appellant has not been and is not able to pay any tax whatsoever under protest, as required by §76 of the Income Tax Act, as amended by §9 of Act No. 23 of November 21, 1941."

As we have said before, from the record sent to us by the Court of Tax Appeals it only appears that the judgment rendered on April 30 affirmed the deficiencies assessed by the Treasurer and that on the 1st of May said officer was ordered to levy the tax.

However, §3 of Act No. 172, *supra,* grants to the Court of Tax Appeals the power to promulgate rules of procedure and at the end of said section it is provided that: "After the complaint has been filed, the subsequent procedure, including the hearing of the evidence which may be necessary to arrive at a decision, shall be determined by the court in its rules of procedure." To that end said court approved on October 27, 1941, a set of Rules of Practice and among these Rules 42 and 43 which expressly provide the following:

"Rule 42.—Decisions. After the introduction of the evidence and when the case is pending an examination by the court the same will be prosecuted to a decision in conformity with the rules of the court. *Every decision will consist of the following parts:*

"(a) Opinion delivered by the member to whom the case has been assigned with the approval of the concurring members and the recording of any member dissenting, absent or disqualified;

"(b) Dissenting opinion, if any;

"(c) Order of the President based on the opinion of the court which is attached pursuant to subdivisions (a) and (b);

"(d) *Computation of the tax, deficiency, or liability which will be filed with the decision* of the case pursuant to Rule 43.

"Every order of the President which involves a decision of the court will be addressed to the Treasurer of Puerto Rico and notified to the appellant to the effect that the tax, deficiency or liability be calculated, fixed, or assessed in accordance with the decision of the court." (Italics ours.)

"Rule 43.—COMPUTATION OF THE TAX, DEFICIENCY, OR LIABILITY. Upon the decision of each case by the court such decision will be recorded by the clerk when he notifies the parties. *The Treasurer of Puerto Rico will compute the tax, impose the deficiency or liability, in accordance with the decision of the court, file an original with 6 copies of said computation or assessment with the clerk of the court, certifying that he has notified said computation or assessment to the appellant on the same day.* The clerk will leave pending registration said computation during 10 days counted from the date of said document and if during that term the appellant does not file his opposition to the computation or assessment, *the clerk shall record said computation and shall file it as part of the decision of the court pursuant to Rule No. 42.*

"The parties may stipulate the computation of the assessment of the tax, deficiency, or liability, in accordance with the decision of the court *and in such case the clerk may immediately record said computation as part of the decision.* Where an opposition to the computation of the assessment of the tax, deficiency or liability is filed by the Treasurer of Puerto Rico, the court will set a hearing in order to hear the parties and in such a case the court will directly compute the tax, deficiency, or liability.

"In cases where an opposition to the computation made by the Treasurer of Puerto Rico exists, the opposing motion will contain, besides the assignment of errors committed by the Treasurer of Puerto Rico, a proposal for a computation.

"In the determination of the computation, in its discussion, if necessary, and in the decision of the same, no facts foreign to the controversy already decided shall be admitted or considered." (Italics ours.)

In accordance with what the Court of Tax Appeals itself has determined constitutes a decision of said court, we find that in the cases at bar at the time the present writs were filed, the decision of said court was incomplete, since subdivision (*d*) of Rule 42 had not been complied with and the decision did not contain the computation of the tax, deficiency, or liability that should have been filed with the decision of a case pursuant to Rule 43. There is nothing in the record sent to us by the Court of Tax Appeals to show that there has been a compliance with the procedure provided for in Rule 43, *supra,* and this being so, we are of the opinion that the appeals in these three cases have been prematurely filed in this Supreme Court, since at the time of their filing there did not yet exist a final and complete decision by the Court of Tax Appeals which could be the subject of revision by this court.

Where §57(*b*), *supra,* provides that if the Court of Tax Appeals should determine that there exists a deficiency, the amount determined will be levied by the Treasurer, it clearly means that in the decision to be rendered by said court there must be included expressly the total amount of the deficiency so that the taxpayer may know the exact amount that he has to pay under protest in accordance with §76 (*a*), *supra,* in order to perfect his appeal to this Supreme Court. The 30 days allowed to the taxpayer by §5 of Act No. 172, *supra,* to appeal from the decision of the Court of Tax Appeals, do not begin to run until there exists a complete and final decision and one which contains all that the law and the rules of the court require. That an appeal can only be taken from a decision that is final in its nature, is prescribed by the statute itself, §5, Act No. 172, *supra.*

We are of the opinion that the writs must be annulled on the ground that they are premature, without prejudice to the appellant to file them anew, if he so wishes, once the final decision of the Court of Tax Appeals is rendered.